UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:  3:11cr10/LAC/CJK
3:14cv314/LAC/CJK

IRA JEROME MILLENDER, JR.,

  Defendant.
_____/

REPORT AND RECOMMENDATION

Defendant Ira Jerome Millender, Jr. has filed an Amended Motion to Correct Sentence Under 28 U.S.C. § 2255 and a Memorandum in Support thereof contending that he is entitled to sentencing relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF Nos. 89, 91). The Government filed a response in opposition, and Mr. Millender has filed a reply. (ECF Nos. 93, 97). The Government also filed a surreply. (ECF No. 103). Mr. Millender's motion should be denied.

BACKGROUND and ANALYSIS

In February 2011, Mr. Millender pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (ECF No. 19). The district court found Mr. Millender to be an armed career criminal after adopting

the findings of the Presentence Investigation Report which identified four convictions, qualifying Millender for an enhanced sentence under the ACCA. (*See* ECF No. 25, PSR ¶ 38). Mr. Millender was sentenced to 180 months' imprisonment followed by a five-year term of supervised release. (ECF No. 29). Mr. Millender's conviction and sentence were affirmed on appeal. *United States v. Millender*, 458 F. App'x 791 (11th Cir. 2012); (ECF No. 47). In August 2014, Mr. Millender filed a *pro se* § 2255 motion, raising two ineffective assistance of counsel claims related to his sentencing enhancement under the ACCA. (ECF No. 53). The Government responded to Mr. Millender's motion arguing that it was not timely filed, and Mr. Millender filed a reply. (ECF Nos. 66, 87). Mr. Millender also filed a motion to supplement his initial § 2255 motion, which was denied, and two motions to reconsider that order, which also were denied. (*See* ECF Nos. 58, 60, 63, 64, 68, 69). He attempted to appeal the denial of the second motion for reconsideration, but the Eleventh Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. (*See* ECF Nos. 70, 79). On June 21, 2016, acting through counsel, Mr. Millender moved to amend his initial § 2255 motion in order to substitute a claim under *Johnson*. The amended motion supersedes the initial motion. (*See* ECF Nos. 89, 90).

Case Nos.: 3:11cr10/LAC/CJK; 3:14cv314/LAC/CJK

In sentencing Mr. Millender, the district court relied on the following four convictions: a 1992 case resulting in two Florida convictions for aggravated battery; a 1994 Florida conviction for discharging a firearm from a vehicle; and a 1994 federal conviction for conspiracy to possess with intent to distribute cocaine base. (*See* ECF No. 25, PSR ¶¶ 38, 42, 44, 45).  In the present motion, Mr. Millender does not dispute that his prior conviction for conspiracy to possess with intent to distribute cocaine qualifies as a serious drug offense under the ACCA.  He argues, however, that his conviction for discharging a firearm from a vehicle is no longer an ACCA predicate offense after *Johnson* and that his two convictions for aggravated battery should count as a single predicate offense.

The Government concedes that the conviction for discharging a firearm from a vehicle no longer qualifies as an ACCA predicate offense.  (ECF No. 93 at 2). Nevertheless, the Government urges that the claim that the 1992 aggravated battery convictions should count as one predicate offense under the ACCA is untimely, and in the alternative, without merit because these crimes are two separate offenses. The Government acknowledges that a new retroactively applicable decision like *Johnson* provides a new window for filing a claim based on that decision, but argues that it does not extend the time to file other claims.  In his reply Mr. Millender

states that he abandoned the ineffective assistance of counsel claims related to the 1992 aggravated battery convictions, which were contained in his initial § 2255 motion, so timeliness is not an issue.

Mr. Millender's amended § 2255 motion raising a *Johnson* claim was timely filed. Because one of the convictions used to enhance his sentence is now invalid under *Johnson*, the court must determine whether the record shows the requisite number of predicate offenses remaining to qualify for a sentencing enhancement under the ACCA.

Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a "violent felony" under the ACCA includes an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another (known as the elements clause) or (ii) is burglary, arson, or extortion, involves the use of explosives (known as the enumerated offenses clause) or otherwise involves conduct that presents a serious potential risk of physical injury to another (known as the residual clause)." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also

is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. Absent the application of the ACCA enhancement, Mr. Millender would have faced a maximum sentence of ten years imprisonment. *See* 18 U.S.C. § 924(a)(2). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.

At his June 7, 2011, sentencing hearing, Mr. Millender argued that his 1992 battery convictions were not separate offenses because the facts indicated that the firearm was fired in succession, so there was no temporal disconnect between the shots fired which hit two people. (ECF No. 39 at 4-5).[1] The Government argued that shooting two people constituted two separate crimes of violence. (*Id*. at 8-9). The district court agreed with the Government, commenting at the sentencing

---

[1] The PSR recites the facts as follows:

> On November 11, 1992, in Pensacola, Florida, the defendant was involved in an argument with Alonzo Knight and Mike Carstarphen concerning some females and the defendant's girlfriend. During this argument, the defendant reached into his pocket, removed a handgun, and shot two rounds at the victims. One of the bullets struck Knight in the left thigh, and the other bullet struck Carstarphen in the left hand.

(ECF No. 25 at ¶ 42).

hearing as follows, "this is a way-out example, but I use it to make my point: The fellow out at the Army base in Texas that shot about 30 people, I think, I doubt if you could argue that was one event. And that is similar to the circumstances here; he fired the gun twice and hit two different people. I'm not sure that's necessary, in view of the Court's first determination [that Mr. Millender had two other predicate offenses], but I would make that for the record as well." (ECF No. 39 at 17-18). The district court found in its Statement of Reasons justifying Mr. Millender's enhanced sentence that his "convictions for Aggravated Battery in Counts 1 and 2 of Escambia County, Florida, Circuit Court DKT# 1992-CF-5312 constitute separate convictions for purposes of the Armed Career Criminal provision as these violent felonies were committed on occasions different from one another." (ECF No. 30 at 4). However, the district court determined that Mr. Millender qualified for sentencing under the ACCA without consideration of that finding.

Mr. Millender appealed this ruling. (*See* ECF No. 66, Attachment 1). On appeal, the Eleventh Circuit declined to reach the issue, finding that Mr. Millender recognized that he would have three qualifying predicate offenses "even if the district court had not committed the purported counting error," so "the alleged error would have no impact on Millender's substantive rights or the outcome of his

Case Nos.: 3:11cr10/LAC/CJK; 3:14cv314/LAC/CJK

sentencing proceedings."   (ECF No. 47 at 3) (footnote omitted).

There is case law that suggests that Mr. Millender's two convictions for aggravated battery may constitute one predicate offense under the ACCA.  *See e.g.*, *United States v. Sneed*, 600 F.3d 1326, 1330 (11th Cir. 2010)("Two offenses are distinct if some temporal break occurs between [them]." (internal quotations marks and citation omitted)); *United States v. Lee*, 208 F.3d 1306, 1307 (11th Cir. 2000) (per curiam) (a crime is successive when the defendant had "a meaningful opportunity to desist ... activity before committing the second offense" and "the crimes reflect [ ] distinct aggressions." (internal quotation marks and citation omitted)); *United States v. McCloud*, 818 F.3d 591, 595 (11th Cir. 2016)("Thus, distinctions in the timing and location of the events in question are central to the determination that they are separate and distinct criminal episodes.")(internal quotation marks omitted)).   Here, however, in light of the district judge's specific finding that the aggravated battery convictions constituted separate convictions, the ACCA enhancement should be upheld.   Because Mr. Millender has three requisite predicate convictions, sufficient to support the application of the ACCA enhancement, he is not entitled to sentencing relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 3:11cr10/LAC/CJK; 3:14cv314/LAC/CJK

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant Millender's Amended Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 89) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of May, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:11cr10/LAC/CJK; 3:14cv314/LAC/CJK