**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

   Plaintiff,

v.                                                CASE NOS. 3:11-cr-10-LAC-CJK
                                                            3:14-cv-314-LAC-CJK

IRA JEROME MILLENDER, JR.,

   Defendant.
_____/

## ORDER

The matter is before the Court on Defendant Ira Jerome Millender, Jr.'s objection to the magistrate judge's Report and Recommendation, which advises the Court to deny Mr. Millender's Amended Motion to Correct Sentencing under 28 U.S.C. § 2255. I have made a *de novo* determination of objections filed and the responses thereto. Having considered the Report and Recommendation and the parties' timely responses, I have determined that the Report and Recommendation should be adopted as the opinion of the Court for the following reasons.

   I.    **Background**

On February 28, 2011, Mr. Millender pled guilty to violating 18 U.S.C. § 922(g), which criminalizes the possession of a firearm by a convicted felon. *See* ECF No. 19. A Section 922(g) violation ordinarily imposes a sentence of no more

than ten years, *see* 28 U.S.C. § 924(a)(2). However, under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924, a perpetrator with three predicate offenses is subject to a fifteen-year sentence as a minimum. The ACCA defines predicate offenses to include serious drug offenses and three types of violent felonies: (1) felonies that have "the use, attempted use, or threatened use of physical force against the person of another" as an element (the "Elements Clause"); (2) burglary, arson, extortion, or crimes involving the use of explosions (the "Enumerated Clause"); and (3) felonies that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another" (the "Residual Clause"). 28 U.S.C. § 924(e)(2)(B)(i) and (ii).

Mr. Millender had four relevant convictions at the time of his sentencing: one conviction for discharging a firearm from a vehicle, one conviction for conspiracy to possess with intent to sell crack cocaine, and two convictions for aggravated battery. *See* ECF No. 25 at 10-13. At the sentencing hearing, Mr. Millender contended that his two convictions for aggravated battery constitute one offense under the ACCA, reasoning that the ACCA counts multiple convictions as a single offense where they occurred simultaneously and not in succession, *see* 28 U.S.C. § 924(e)(1) (requiring that three previous convictions be "committed on occasions different from one another"), and that his two aggravated batteries occurred around

the same place and time. With respect to his aggravated battery convictions, Mr. Millender's Presentencing Report ("PSR") provides that:

> On November 11, 1992, in Pensacola, Florida, the defendant was involved in an argument with Alonzo Knight and Mike Carstarphen concerning some females and the defendant's girlfriend. During this argument, the defendant reached into his pocket, removed a handgun, and shot two rounds at the victims. One of the bullets struck Knight in the left thigh, and the other bullet struck Carstarphen in the left hand.

ECF No. 25 at 10 (Paragraph 42 of the PSR).[1] The Court concluded that Mr. Millender's two aggravated batteries constitute two convictions under the ACCA, but noted that it did not need to reach this decision. The sentencing enhancement applied, regardless, due to Mr. Millender's prior convictions for discharging a firearm from a vehicle and conspiracy to possess with intent to sell crack cocaine. *See* ECF No. 39 at 17-18. Mr. Milender appealed this ruling to the Eleventh Circuit, which declined to reach this issue on the same basis. *See United States v. Millender*, 458 F. App'x 791, 792 (11th Cir. 2012) (explaining that Mr. Millender would have had at least three qualifying predicate offenses "even if the district court had not

---

[1] Mr. Millender did not object to Paragraph 42 of the PSR, *see* ECF No. 24 at 1-3, and, in fact, cites to this paragraph in his Amended Motion to Vacate, *see* ECF No. 91 at 5 ("The facts in the PSR indicate that during an argument Mr. Millender shot a handgun twice and two people were struck by bullets (PSR ¶ 42)."). The Court may consider this paragraph as a result. *See Rozier v. United States*, 701 F.3d 681, 686 (11th Cir. 2012) ("[A] district court can rely on the facts set forth in the PSI if they are undisputed and thereby deemed admitted.") (citing *United States v. Bennett*, 472 F.3d 825, 832-34 (11th Cir. 2006); *United States v. Beckles*, 565 F.3d 832, 843 (11th Cir. 2009)); *compare with United States v. Braun*, 801 F.3d 1301, 1306 (11th Cir. 2015) (finding that the district court improperly relied on the facts of the PSI where the defendant "properly objected" to its use).

committed the purported counting error," so "the alleged error" had no impact on the applicability of the ACCA sentencing enhancement).

On June 26, 2015, the Supreme Court found the ACCA's Residual Clause to be void for vagueness. *See Johnson v. United States*, 135 S.Ct. 2551, 2562-63 (2015). This prompted Mr. Millender to, on August 24, 2014, file a pro se motion to vacate under 28 U.S.C. § 2255, which was superseded by his Amended Motion to Correct Sentence under 28 U.S.C. § 2255 (the "Amended Motion"), ECF No. 89. In his Amended Motion, Mr. Millender argues that, under *Johnson*, his conviction for discharging a firearm from a vehicle is no longer a predicate offense (the "Johnson Challenge") and reiterates that his two convictions for aggravated battery should count as a single predicate offense. This would mean that he committed two offenses under the ACCA and that the sentencing enhancement did not apply.

The Government concedes that Mr. Millender's conviction for discharging a firearm from a vehicle is no longer a predicate offense under the ACCA and that his challenge on this basis is timely. It, instead, argues that the Court properly construed the two aggravated batteries as two offenses in the initial sentencing proceedings and Mr. Millender failed to timely argue otherwise. On May 19, 2017, the magistrate judge concluded that, "because one of the convictions used to enhance [Mr. Millender's] sentence is now invalid under *Johnson*, the court must determine whether the record shows the requisite number of predicate offenses remaining to

qualify for a sentencing enhancement under the ACCA," making the Government's timeliness argument moot. The magistrate judge nevertheless advised that the ACCA enhancement should be upheld, deferring to the Court's conclusion, in dicta, that the aggravated battery convictions constituted separate offenses. He further advised that the Court should not issue a certificate of appealability, to which Mr. Millender also objects.

II. **Discussion**

The Court overrules Mr. Millender's objections and adopts the magistrate's report and recommendation as the opinion of the Court. Because Mr. Millender's sentence now turns on his argument that the two aggravated felonies constitute one offense under the ACCA, the Court elaborates on its determination that they constitute separate offenses below.

A defendant is subject to an ACCA sentencing enhancement if the defendant has been convicted of three drug-related or violent crimes on "occasions different from one another." 18 U.S.C. § 922. The Eleventh Circuit, like other courts of appeals, has explained that a crime has occurred on different occasions where they "arose out of a separate and distinct 'criminal episode.'" *United States. v. Pope*, 132 F.3d 684, 689 (11th Cir. 1998) (quoting *United States v. Greene*, 810 F.2d 999, 1000 (11th Cir. 1986)). Two criminal acts are a part of "distinct" episodes "if the perpetrator had a meaningful opportunity to desist his activity before committing the

second offense." *Id.* at 690. Courts consider the time and place in which the acts are committed to determine whether criminal acts are part of distinct episodes. *See id.* at 689-90. However, these differences are not dispositive where the perpetrator "made a conscious decision" to commit a second criminal act, that is, if "the predicate crimes are successive rather than simultaneous," *id.* at 690 & 692.

In *United States v. Pope*, a perpetrator broke into two offices, located 200 yards apart, on the same night. The Eleventh Circuit found that the burglaries constituted two offenses under the ACCA because "Pope had completed his first burglary when he made the decision to commit the second burglary by breaking into another office," *id.* at 692, notwithstanding that the two burglaries were committed in "one course of criminal conduct," *see United States v. Lee*, 208 F.3d 1306, 1307 (11th Cir. 2000) ("It is true that the crimes represent one course of criminal conduct, but so did the burglaries in *Pope*. The more important point is that as in *Pope*, Lee here successfully completed his first crime."). The Eleventh Circuit reasoned that, because the ACCA's purpose is to deter additional, deliberate criminal behavior, the sentencing enhancement applies where the perpetrator completed the first criminal act before starting the second act and not where, for instance, a perpetrator simultaneously robs six people by "sticking up" a restaurant. *See Pope*, 132 F.3d at 691-692.

Consistently, in *United States v. McCloud*, 818 F.3d 591, 597-98 (11th Cir. 2016), the Eleventh Circuit found that a perpetrator who robbed three different victims with the help of two co-defendants may not have committed separate offenses under the ACCA. The Eleventh Circuit reasoned that it was unclear whether the robberies occurred consecutively or not:

> It is possible that McCloud and both co-defendants committed the first robbery; McCloud and one co-defendant committed the second robbery; and then McCloud and both co-defendants committed the third robbery. If true, this could reflect three separate offenses. However, it is *equally plausible* that McCloud and his two co-defendants committed the first two offenses together, simultaneously, and then McCloud and only one co-defendant committed the third offense. This would indicate only two separate offenses. Moreover, it is also *equally plausible* that McCloud committed all three robberies simultaneously, with varying amounts of participation from his colleagues. This would indicate only one criminal episode.

*McCloud*, 818 F.3d at 597-98 (emphasis in original); *compare with United States v. Spears*, 443 F.3d 1358, 1360-61 (11th Cir. 2006) (finding two robberies, committed within three minutes and roughly thirty feet of one another, were separate offenses because the perpetrator "could have ceased his criminal activity after the completion of the first robbery"). After all, as the Eleventh Circuit noted in *Pope*, a perpetrator who robs multiple people in one "stick up" has not committed successive criminal acts. *See Pope*, 132 F.3d at 691-692.

Mr. Millender argues that *McCloud* requires the Court to find that his two aggravated batteries constitute one offense. He reasons that, like *McCloud*, the PSR

indicates that the two aggravated batteries were committed at around the same time and place. The Court disagrees. As explained, differences in the time and location of two offenses are useful to the extent they help determine whether the first act was completed before the second act was initiated, but are not dispositive. *See Pope*, 132 F.3d at 690 (explaining that it two offenses are not considered one simply because they were "temporal[ly] proxim[at]e" and that "[d]istinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small").[2] Unlike in *McCloud*, where it was impossible to determine whether the robberies were committed successively, the two aggravated batteries were necessarily committed one after the other. The PSR explains that, during an argument with the two victims, Mr. Millender shot two rounds and that one bullet struck the first victim in the left thigh and the other bullet struck the second victim in the left hand. The only reasonable inference that the Court can reach is that Mr. Millender shot one victim and, rather than stop at that point, decided to shoot another. Because he successfully shot the first victim before shooting the second, the aggravated battery convictions separate offenses under the ACCA. *See Spears*, 443 F.3d at 1360-61 (finding two robberies, committed within three minutes and

---

[2] *See also United States v. Cherry*, 641 F. App'x 829, 832 (10th Cir. 2016), *cert denied*, 137 S.Ct. 89 (2016) ("Criminal acts – even those that are similar and occur closely in time – may constitute separate, predicate offenses when the defendant could have chosen to stop his illegal conduct but continued nonetheless.").

about thirty feet of one another, were separate offenses because the perpetrator "could have ceased his criminal activity after the completion of the first robbery"); *Pope*, 132 F.3d at 692 ("Because Pope had committed his first burglary when he made the decision to commit the second burglary by breaking into another office 200 yards away, the two crimes were committed on 'occasions different from one another.'").[3]

Finally, the magistrate judge concluded that a certificate of appeal should not be issued, reasoning that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2), and that Mr. Millender had not made such a showing. Mr. Millender objects, arguing that the Eleventh Circuit has yet to determine whether two criminal acts constitute one offense under the ACCA under similar facts. However, for a certificate of appealability to issue, it is not enough for Mr. Millender to note that the Eleventh Circuit has yet to decide a similar case. He must make a "substantial

---

[3] *See also United States v. Letterlough*, 63 F.3d 332, 337 (4th Cir. 1995) ("If we went into a drug store to purchase aspirin, the transaction would be complete once we left the store with the pills – even though the drug store was still open for business. Similarly, each of Letterlough's drug sales was a complete and final transaction, and therefore, an independent offense."); *United States v. Wilson*, 27 F.3d at 1126, 1132 (6th Cir. 1994) ("Defendant could have halted his criminal rampage at any time. Yet, he chose to continue selecting different victims in different places. There seems to be no real reason for distinguishing between the events happening in separate rooms on separate floors of the same house versus separate, but nearby, structures as were the facts in *Brady*."); *United States v. Hamell*, 3 F.3d 1187, 1191 (8th Cir. 1993) ("Although Hopkins committed the two assaults within minutes of each other, we conclude the assaults were separate and distinct criminal episodes.").

showing" that reasonable jurists *could disagree* as to an issue implicating "the denial of a constitutional right." He has failed to make this showing, notwithstanding his conclusory assertion that "this issue is clearly debatable among jurists of reason." ECF No. 105 at 5-6. His objection as to a certificate of appealability is overruled as a result.

### III. Conclusion

Accordingly, it is now ORDERED as follows:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Defendant Millender's Amended Motion to Correct Sentence (ECF 89) is DENIED.

3. A certificate of appealability is DENIED.

**DONE AND ORDERED** this 15th day of February 2018.

_____
**LACEY A. COLLIER
SENIOR UNITED STATES DISTRICT JUDGE**